IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRES F. GOMEZ, | § | |
| A # 096036474, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-12-3442 |
| ERIC HOLDER, JR., et al., | § | |
| Respondents. | § | |

MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Andres F. Gomez filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2241, challenging his continued detention by the Department of Homeland Security. (Docket Entry No.1). Respondents move to dismiss the petition because petitioner has now been released from custody and removed to Columbia on January 28, 2013. (Docket Entry No.10). Respondents have attached documentation showing that petitioner has indeed been removed from this country. (Docket Entry No.10-2). Petitioner has not filed a response to the Motion to Dismiss.

The jurisdiction of the federal courts is limited under Article III, section 2 of the Constitution to the adjudication of actual, live "cases" and "controversies." U.S. Const. Art. III; Alwan v. Ashcroft, 388 F.3d 507, 511 (5th Cir. 2004). When a habeas petitioner has been released from custody, the Court can continue to exercise jurisdiction over the petition only if the petitioner "demonstrates 'some concrete and continuing injury other than the now-ended incarceration.'" Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004) (quoting Spencer v. Kemna, 523 U.S.

1, 7 (1998)).  In other words, the petitioner must show that "some 'collateral consequence' of the litigation's outcome persists." Alwan, 388 F.3d at 511 (quoting Spencer, 523 U.S. at 8).

In his original petition, petitioner challenged the constitutionality of his continued detention because the likelihood of his removal was indefinite.  (Docket Entry No.1, page 6). Petitioner became subject to a final order of removal on November 16, 2006, and was deported on January 28, 2013.  (Docket Entry No.10-2, pages 1,2).  Therefore, his personal stake in the outcome of this action-securing his release from federal custody-is moot.

Accordingly, Respondents' Motion to Dismiss (Docket Entry No.10) is GRANTED.  All other pending motions are DENIED, AS MOOT. This habeas action is DISMISSED WITHOUT PREJUDICE .

It is SO ORDERED.

SIGNED at Houston, Texas, on April 23, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE